1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

6
7

| | Case No. 13-cv-06161 (VEB) |

8  SARAH MARSH,

9                    Plaintiff,        DECISION AND ORDER

10  vs.

11  CAROLYN W. COLVIN, Acting
   Commissioner of Social Security,

12                    Defendant.

13

14  **I. INTRODUCTION**

15      In September of 2010, Plaintiff Sarah Marsh applied for Supplemental

16  Security Income ("SSI") benefits under the Social Security Act. The Commissioner

17  of Social Security denied the application.

18
19
20

Plaintiff, by and through her attorneys, Leidner & Leidner, Suzanne C. Leidner, Esq. of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 28, 29). On December 28, 2015, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 31).

## II. BACKGROUND

Plaintiff applied for SSI benefits on September 8, 2010, alleging disability beginning March 15, 2005, due to depression, paranoia, bipolar disorder, and attention-deficit disorder. (T at 16, 147-53).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On February 8, 2012, a hearing was held before ALJ Sally C. Reason. (T at 38).  Plaintiff appeared with her attorney and testified. (T at 77-83).  The ALJ also received testimony from Dr. Glenn Griffin, a medical expert (T at 43-52, 77, 83-85), John Marsh, Plaintiff's father (T at 52-63), Kathy Kartiganer, Plaintiff's mother (T at 63-76), and Frank Corso, a vocational expert (T at 85-88).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 14.

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

On February 15, 2012, the ALJ issued a written decision denying the application for benefits.   (T at 13-31).   The ALJ's decision became the Commissioner's final decision on May 20, 2013, when the Appeals Council denied Plaintiff's request for review. (T at 4-10).

On August 21, 2013, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of a decision by the Commissioner of Social Security denying her application for Supplemental Security Income ("SSI") benefits. (Docket No. 3). The Commissioner interposed an Answer on March 6, 2014. (Docket No. 13).  The parties filed a Joint Stipulation on October 9, 2014. (Docket No. 25).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

**III. DISCUSSION**

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or

4

equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

1    **B.      Standard of Review**

2          Congress has provided a limited scope of judicial review of a Commissioner's

3    decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

4    made through an ALJ, when the determination is not based on legal error and is

5    supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.

6    1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

7          "The [Commissioner's] determination that a plaintiff is not disabled will be

8    upheld if the findings of fact are supported by substantial evidence." *Delgado v.*

9    *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial

10   evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119

11   n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d

12   599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a

13   reasonable mind might accept as adequate to support a conclusion." *Richardson v.*

14   *Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and

15   conclusions as the [Commissioner]  may reasonably draw from the evidence" will

16   also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review,

17   the Court considers the record as a whole, not just the evidence supporting the

18   decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

19   1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

20

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## C.  Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 8, 2010, the application date. (T at 18).  The ALJ found that Plaintiff's obesity, bipolar disorder, and borderline personality disorder were "severe" impairments under the Act. (Tr. 18).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

7

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 416.967 (c), provided the work did not involve more than occasional social interactions. (T at 22).

The ALJ noted that Plaintiff had no past relevant work. (T at 26).  Considering Plaintiff's age (23 years old on the application date), education (at least high school), work experience (no past relevant work), and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between September 8, 2010 (the application date) and February 15, 2012 (the date of the decision) and was therefore not entitled to benefits. (T at 27).  As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 4-10).

**D.    Disputed Issues**

As set forth in the Joint Stipulation (Docket No. 25, at p. 11), Plaintiff offers four (4) main arguments in support of her claim that the Commissioner's decision should be reversed.  First, she challenges the ALJ's credibility determination. Second, Plaintiff contends that the ALJ did not adequately assess her residual

functional capacity.  Third, she argues that the ALJ did not properly consider lay witness testimony.  Fourth, Plaintiff asserts that the ALJ's step five analysis was flawed.  This Court will address each argument in turn.

## IV. ANALYSIS

### A.    Credibility

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

1   symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R.

2   § 404.1529(b), 416.929; SSR 96-7p.

3        In this case, Plaintiff testified as follows: She is 24 years old.  She did not

4   complete high school, but obtained a California high school proficiency certificate.

5   She has never worked full-time and believes she is unable to do so. (T at 77).  The

6   stress demands of regular work activity would cause crippling anxiety and mood

7   swings. (T at 78).  She relies on the financial support of her parents. (T at 79).  A

8   work attempt failed because racing thoughts and anxiety prevented Plaintiff from

9   consistently performing her duties. (T at 80).  Stress and anxiety bring on need for

10  lengthy naps. (T at 80).  Medication has caused weight gain, but has not addressed

11  her anxiety or fatigue. (T at 81).  Her mood shifts between fatigue and irritability to

12  depression. (T at 81).  She has attempted to complete college courses, but was not

13  successful because of depression, social anxiety, and difficulties with focus. (T at

14  82).

15       The ALJ concluded that Plaintiff's medically determinable impairments could

16  reasonably be expected to cause the alleged symptoms, but that her statements

17  regarding the intensity, persistence, and limiting effects of the symptoms were not

18  fully credible. (T at 23).  In sum, the ALJ found that Plaintiff's mental and/or

19

20

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

1    emotional issues precluded her from some work settings, but did not render her

2    wholly incapable of sustaining any and all work activity. (T at 23).

3        For the reasons that follow, this Court finds the ALJ's decision consistent with

4    applicable law and supported by substantial evidence.  The ALJ noted that no

5    treating or examining medical source assessed Plaintiff with mental functioning

6    limitations of the degree she alleged. (T at 24).  In addition, three medical experts

7    opined that Plaintiff could perform basic work activities, with some limitations.

8        Dr. Lou Ellen Sherrill, a clinical psychologist, performed a consultative

9    examination in January of 2011.  Dr. Sherrill opined that Plaintiff could perform

10   simple and repetitive tasks with minimal supervision and maintain appropriate

11   persistence and pace over a normal work cycle. (T at 253).  Dr. Sherrill concluded

12   that Plaintiff could understand, remember, and carry out at least simple to

13   moderately complex verbal instructions without difficulty, and would have only

14   mild difficulty tolerating ordinary work pressures and interacting satisfactorily with

15   others in the workplace. (T at 253).  She found that Plaintiff would have mild to

16   moderate difficulty observing basic work and safety standards, but could handle her

17   financial affairs independently. (T at 253).

18       Dr. Glenn Griffin, a medical expert, reviewed the record and concluded that

19   Plaintiff had mild restriction in areas of daily living, moderate difficulty with regard

20

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

to social functioning, and mild difficulty with regard to concentration, persistence, and pace. (T at 45). He opined that Plaintiff could interact with peers, co-workers, supervisors, and the general public on an occasional basis. (T at 45).  He further found that Plaintiff retained the ability to work and persist for 8 hours a day, five days a week. (T at 45-46).

Dr. R.E. Brooks, a State Agency review consultant, concluded that Plaintiff's impairments did not result in any significant mental limitations. (T at 264).

The ALJ also summarized the treatment history, which generally showed improved function, stable symptoms, and a lack of serious abnormalities of behavior. (T at 19-20, 23-24).  Mental status examinations in 2009, 2010, and 2011 generally showed no deficits and improved symptom complaints with medication. (T at 24).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

1    The ALJ also noted that Plaintiff made inconsistent statements, which

2    detracted from her credibility.   Although Plaintiff claimed to be unable to perform

3    activities of daily living, the record indicated that she could attend medical

4    appointments, complete a high school equivalency course, perform household

5    chores, attend to the computer for several hours at a time, and engage in extended

6    out of state travel. (T at 23-25).

7    When assessing a claimant's credibility, the ALJ may employ "ordinary

8    techniques of credibility evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217,

9    1224 n.3 (9th Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.

10   1996)). Activities of daily living are a relevant consideration in assessing a

11   claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

12   Although the claimant does not need to "vegetate in a dark room" to be considered

13   disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9th Cir. 1987), the ALJ may discount

14   a claimant's testimony to the extent his or her activities of daily living "contradict

15   claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-

16   13 (9th Cir. 2011).

17   Lastly, Plaintiff contends that the ALJ erred by focusing on the evidence

18   pertaining to the period following the application date (September 8, 2010).

19   However, the ALJ did discuss Plaintiff's medical history prior to that date

20

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

extensively. (T at 18, 23).  Moreover, the ALJ did not err in focusing the inquiry on whether Plaintiff was disabled after the application date, as the Social Security Act permits payments of SSI benefits only for the period following the application for benefits. 42 U.S.C. § 1382 (c)(7), 20 CFR § 416.335.  Plaintiff has also not shown how some arguable, additional consideration of the evidence from prior to the relevant time period would have changed the outcome or, how such consideration undermines the ALJ's decision.

For the reasons outlined above, this Court finds no reversible error with regard to the ALJ's credibility determination.

**B.    RFC**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

Here, Plaintiff challenges the ALJ's RFC determination and consideration of the medical evidence.  In particular, Plaintiff contends that the ALJ disregarded an April 2012 letter from Dr. Erica Kass, a treating psychiatrist.  Dr. Kass reported that Plaintiff had "significant difficulty" with her activities of daily living and (despite being "extremely motivated") struggled with basic tasks and relied heavily on her family. (T at 611).  According to Dr. Kass, Plaintiff has difficulty concentrating for extended periods, is depressed and hopeless, and is easily overwhelmed and anxious. (T at 611).

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

1    Although Plaintiff claims the ALJ ignored Dr. Kass's letter, the letter actually

2    post-dates the ALJ's decision, which was issued on February 15, 2012. (T at 27).

3    The letter was presented to and considered by the Appeals Council. (T at 8).

4    The Appeals Council is required consider "new and material" evidence if it

5    "relates to the period on or before the date of the [ALJ's] hearing decision." 20

6    C.F.R. § 404.970(b); see also §416.1470(b). The Appeals Council "will then review

7    the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the

8    weight of the evidence currently of record." 20 C.F.R. § 404.970(b); see §

9    416.1470(b).

10   Here, the Appeals Council concluded that Dr. Kass's letter did not provide a

11   basis for changing the ALJ's decision. (T at 5).  This Court finds no error with

12   regard to this finding.  Dr. Kass's report is conclusory and contains no supporting

13   clinical findings or detailed explanation regarding the basis of the doctor's opinions.

14   The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory

15   and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d

16   1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th

17   Cir. 2002)).  Dr. Kass appears to have based her conclusions primarily upon

18   Plaintiff's subjective complaints.  Further, Dr. Kass's opinion was contradicted by

19   the assessments of Dr. Sherrill (a consultative examiner), Dr. Griffin (a medical

20

expert who testified at the hearing), and Dr. Brooks (a State Agency review consultant), by Plaintiff's activities of daily living, and by the overall treatment history, as outlined above.   (T at 23-25).   The lack of medical support for a physician's opinion based substantially on a claimant's subjective complaints of pain is a legitimate reason for disregarding a treating physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995). Moreover, it is reasonable for an ALJ to discount a physician's opinion predicated on subjective complaints found to be less than credible. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

Thus, this Court finds that the ALJ's RFC determination is supported by substantial evidence and should be sustained.  Likewise, this Court finds no error in the Appeals Council's conclusion that Dr. Kass's letter did not provide a basis for reversing the ALJ's decision.

## C.   Lay Evidence

"Testimony by a lay witness provides an important source of information about a claimant's impairments, and an ALJ can reject it only by giving specific reasons germane to each witness." *Regennitter v. Comm'r*, 166 F.3d 1294, 1298 (9th Cir. 1999).

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

In this case, Plaintiff's father, John Marsh, testified at the administrative hearing. Mr. Marsh was 65 years old at the time of the hearing and holds a master's degree in dramatic arts. (T at 53). He sees Plaintiff about 10 days each month. (T at 53). According to Mr. Marsh, Plaintiff finds social interaction taxing, even with her father, so their visits are usually brief. (T at 54-55). Attempts to arrange for volunteer work were not successful because Plaintiff "didn't follow through with it" or was only able to attend for a few hours at a time. (T at 55, 62). Although Plaintiff "brightens" and does well during a visit with her father, she is fatigued the following day and generally unavailable for activities. (T at 59). She has difficulty with follow through and needs significant support from her live-in boyfriend. (T at 60-61). In Mr. Marsh's opinion, Plaintiff's energy cycles and anxiety would prevent her from maintaining employment. (T at 61).

Kathy Kartiganer, Plaintiff's mother, also testified. Ms. Kartiganer was 56 at the time of the hearing and has a master's degree in social work. (T at 63). She has provided support to Plaintiff, who has also been assisted by a counselor at "Daniel's Place," an organization for young people struggling with mental illness. (T at 64). Ms. Kartiganer explained that Plaintiff's application for SSI benefits was motivated by her difficulties handling even volunteer work and attending community college classes. (T at 64). She was only able to attend at volunteer work for about four

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

hours at a time. (T at 67).   Social interaction and pressure cause fatigue and are physically and mentally overwhelming. (T at 68).   Ms. Kartiganer lived with Plaintiff for the first 23 years of Plaintiff's life.  (T at 69).   Plaintiff moved out and now lives with her boyfriend, who is very supportive. (T at 69).   The inability to complete a college course in the Spring of 2011 sent Plaintiff into a depressive period. (T at 70-71).   Her day-to-day life is "usually fraught with overwhelm [*sic*] and fatigue and then regrouping." (T at 73).   When she lived with her parents, Plaintiff had difficulty maintaining household chores. (T at 75).

The ALJ discussed the testimony provided by Plaintiff's parents, but did not specifically state how much weight she assigned to their opinions. (T at 23). Although this was error, the Ninth Circuit has held that an ALJ's failure to address lay testimony may be harmless where, as here, the ALJ validly rejected the subjective complaints of the claimant, which were substantially the same as the lay testimony.  *See Valentine* v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009); *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). Moreover, in this particular case, Dr. Griffin, the medical expert, was asked whether the testimony from Plaintiff's parents changed his opinion that Plaintiff retained the ability to work and persist for 8 hours a day, five days a week. (T at 45-46). He testified that it did not change his opinion. (T at 77).

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

Accordingly, this Court finds no reversible error as to this aspect of the ALJ's decision.  In sum, the ALJ validly discounted Plaintiff's subjective complaints (as inconsistent with the treatment history, medical opinions, and Plaintiff's activities of daily living) and the same reasons would constitute "germane" reasons for discounting the lay opinion testimony offered by Plaintiff's parents. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054-55 (9th Cir. 2006) (describing the harmless error test as whether "the ALJ's error did not materially impact his decision"); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (holding that an error is harmless if it was "inconsequential to the ultimate nondisability determination").

**D.    Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs*., 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, at step five of the sequential evaluation, the ALJ relied on the testimony of a vocational expert and found that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 26).  Plaintiff contends that the hypothetical questions presented to the vocational expert did not incorporate all of her limitations.

However, an ALJ is not obliged to accept as true limitations alleged by Plaintiff and may decline to include such limitations in the vocational expert's hypothetical if they are not supported by sufficient evidence. *See Martinez v. Heckler*, 807 F.2d 771 (9th Cir. 1986); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).  Here, Plaintiff's argument that the ALJ's hypothetical questions were flawed is essentially a restated challenge to the ALJ's RFC determination, which challenge fails for the reasons outlined above – namely, that

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

the ALJ's decision was supported by substantial evidence, including the medical record and opinions by a consultative examiner, medical expert, and State Agency review consultant. Accordingly, this Court finds no error with respect to the ALJ's step five analysis. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order and serve copies upon counsel for the parties.

DATED, this 19th day of January, 2016.


/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE

23

DECISION AND ORDER – MARSH v COLVIN 13-CV06161-VEB